NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHELLE MCMILLAN,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security<br><br>    Defendant. | Civil Action No.: 2:16-cv-313 (CCC)<br><br>**OPINION & ORDER** |

**CECCHI, District Judge.**

I. **INTRODUCTION**

This matter comes before the Court on the motion of Defendant Commissioner of Social Security ("Defendant") to dismiss the Complaint of Plaintiff Michele McMillan ("Plaintiff") for failure to timely file this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C § 405(g) (ECF No. 7), and Plaintiff's motion to file the Complaint *nunc pro tunc* (ECF No. 2). Plaintiff opposes Defendant's motion. ECF No. 8. No oral argument was heard. *See* Fed. R. Civ. P. 78. For the reasons set forth below, Defendant's motion is denied and Plaintiff's motion is granted.

II. **BACKROUND**

On June 11, 2012, Plaintiff filed an application for disability insurance benefits. ECF No. 7 at 1. Plaintiff's application was denied initially and upon reconsideration. *Id.* On February 4, 2014, an administrative law judge ("ALJ") issued a decision finding Plaintiff was not disabled, as defined under the Social Security Act. *Id.* On May 13, 2015, the Appeals Council denied

1

Plaintiff's request for a review of the ALJ's decision, and mailed a denial notice to Plaintiff and Plaintiff's representative. *Id.* The denial notice informed Plaintiff of her right to commence a civil action within 60 days from the date of receipt of the notice. *Id.* The parties do not dispute the above-stated facts. *See* ECF No. 8 at 1.

Plaintiff alleges that she attempted to timely file the Complaint on July 17, 2015. ECF No. 8 at 1; ECF No. 2-1 ¶ 2. Legal Secretary Patricia McKeon certifies that on July 17, 2015, "in the course of my ordinary responsibilities . . . I caused this matter to be filed and placed on the Court's docket, effectuating payment from the ECF account with this Court." ECF No. 2-1 ¶ 2. Plaintiff alleges that the "ECF account of [P]laintiff's counsel was appropriately debited for filing on that date. Yet, the complaint was not filed on the docket." ECF No. 8 at 1. To support this claim, Plaintiff has attached a bank statement to her motion indicating that the account was debited on July 17, 2015 in the amount of $400. ECF No. 2-1 at 3.

### III. **LEGAL STANDARD**

This Court has jurisdiction to review claims arising under the Social Security Act, only to the extent provided in Sections 205(g) and (h) of the Social Security Act, 42 U.S.C. §§ 405(g) and (h). Section 405(h) states:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h). Section 405(g) provides, in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced *within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.*

42 U.S.C. § 405(g) (emphasis added). "Absent independent proof, the date of receipt is legally

2

presumed to be five days after the date of notice." 20 C.F.R. § 416.1841. Plaintiff, thus, had sixty-five days to file a timely complaint. *See Oliveras v. Colvin*, No. 15-CV-8431 (KM), 2016 WL 2757974, at *2 (D.N.J. May 12, 2016).

In *Bowen v. City of New York*, the Supreme Court found the sixty-day limitation "is a condition on the waiver of sovereign immunity and thus must be strictly construed." 476 U.S. 467, 479 (1986). The Court "conclude[d] that application of a 'traditional equitable tolling principle' to the 60-day requirement of § 405(g) is fully 'consistent with the overall congressional purpose' and is 'nowhere eschewed by Congress.'" *Id.* at 480 (citing *Honda v. Clark*, 386 U.S. 484, 501 (1967)). "Where, as here, the plaintiff has missed the deadline for filing," the Third Circuit provides for three sets of circumstances under which the doctrine of equitable tolling may apply: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Kramer v. Comm'r of Soc. Sec.*, 461 F. App'x 167, 169 (3d Cir. 2012) (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir.1994)).

## IV. DISCUSSION

Here, Plaintiff readily acknowledges that the Complaint is docketed as untimely. ECF No. 8 at 1. However, Plaintiff argues that the doctrine of equitable tolling is appropriate in this circumstance and the Court should deem the Complaint to be filed timely.

Plaintiff's counsel has submitted a Certification of the legal secretary, Ms. Patricia McKeon of the law firm, stating that on July 17, 2015, she "prepared the Complaint, Civil Cover Sheet and Summons . . . . [and] caused this matter to be filed and placed on the Court's docket, effectuating payment from the ECF account with this Court maintained by my employers." ECF

3

No. 2-1. ¶ 2. Ms. McKeon certifies that she "later learned from the Clerk of this Court, [that] the payment was recorded in the Clerk's office but the Complaint was never recorded on this Court's docket. Our account was appropriately charged the filing fee of $400." *Id.* Plaintiff has also submitted a bank statement to verify that $400 was debited from the bank account on July 17, 2015. *Id.* at 3. It is unclear whether the error is attributable to Plaintiff's counsel, or the CM/ECF system itself. However, similar to *Oliveras v. Colvin*, a case from this district, the Complaint and Application are dated July 17, 2015 "corroborating Plaintiff's affirmation of intent to file by the deadline." 2016 WL 2757974, at *3 (finding the equitable tolling doctrine applicable).

When faced with a similar circumstance, another court in this Circuit found the doctrine of equitable tolling applicable as to the third scenario envisioned by the Third Circuit – "where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Kramer*, 461 F. App'x at 169. The Court in *Hansen v. Astrue* found "[t]he language employed by our Court of Appeals would seem to embrace the present situation, in which [the plaintiff] has timely asserted his rights in the correct forum by improperly forwarding (or allegedly attempting to forward) the relevant documents to the ECF computer database." No. CIV.A. 11-1212, 2012 WL 1551887, at *4 (W.D. Pa. Apr. 30, 2012). Moreover, the court found "it would be inequitable" for the Plaintiff to "suffer the consequences of an error made by a judicial employee or an electronic malfunction in the Court's ECF system." *Id.* (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994) (stating that equitable tolling is appropriate "where the plaintiff in some extraordinary way has been prevented from asserting his or her rights")); *see also Gilliam v. Verizon Pennsylvania, Inc.*, No. CIV.A. 13-1557, 2014 WL 901296, at *7 (W.D. Pa. Mar. 7, 2014) (finding that a situation where the court charged a fee but did not docket the complaint "qualifies as an 'extraordinary circumstance' sufficient to invoke equitable tolling."). Here, the Court finds

the equitable tolling doctrine applies, as Plaintiff has provided sufficient evidence for the Court to find a mistake has been made, and it would be inequitable to hold Plaintiff herself accountable for an error of the Court's docketing system.

Accordingly, Defendant's motion to dismiss for failure to file a timely complaint is denied, Plaintiff's motion to file Plaintiff's complaint *nunc pro tunc* is granted, and the Court will deem Plaintiff's complaint to have been filed timely. *See Oliveras*, 2016 WL 2757974, at *3.

## V. CONCLUSION

For the reasons set forth above,

IT IS on this  8  day of  May , 2017,

**ORDERED** that Defendant's motion to dismiss (ECF No. 7) is **DENIED**; it is further

**ORDERED** that Plaintiff's motion to file Plaintiff's complaint *nunc pro tunc* (ECF No. 2) is **GRANTED**; it is further

**ORDERED** that within sixty (60) days of this Order, Defendant shall file the administrative record with the Clerk of this Court, which shall constitute Defendant's answer, or otherwise move, pursuant to Local Civil Rule 9.1(c)(1).

**SO ORDERED.**

_____
CLAIRE C. CECCHI, U.S.D.J.