NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| MICHELLE MCMILLAN, | Civil Action No.: 16-313 (CCC) |
| Plaintiff, | |
| v. | OPINION |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**CECCHI, District Judge.**

## I. INTRODUCTION

Before the Court is Plaintiff Michelle McMillan's appeal seeking review of a final determination by the Commissioner of the Social Security Administration ("Defendant") denying her application for a period of disability and Disability Insurance Benefits ("DIB") pursuant to Title II of the Social Security Act ("SSA"). This matter is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the decision of the Administrative Law Judge ("ALJ") is vacated and the case is remanded for further administrative proceedings.

## II. BACKGROUND

### A. Factual Background

Plaintiff, an adult female, was born on February 5, 1969. (Tr.[1] at 30). Plaintiff possesses an eleventh grade education, (*id.* at 32), and has previously worked as a school crossing guard, teacher's aide, and bus aide. (*Id.* at 33-36). Plaintiff has testified that she left her job as a result

---

[1] "Tr." refers to the certified record of the administrative proceedings. (ECF No. 13).

1

of a knee injury which left her in such serious pain that she could not get out of bed without help or walk without a cane. (*Id.* at 36). Plaintiff also testified that she suffers from hip pain, which is believed to be causally related to her knee injury. (*Id.* at 37). In late 2011, Plaintiff was hospitalized with an aortic aneurysm. (*Id.* at 41). Plaintiff testified that the medication she was prescribed following her aneurysm made her too drowsy to function at work, (*id.* at 40), and that her medical conditions have affected her mobility. (*Id.* 53). Additionally, Plaintiff has testified that she suffers from depression. (*Id.* at 50-51). Finally, Plaintiff is obese. (*Id.* at 430).

### B. Procedural Background

On June 11, 2012, Plaintiff applied for a period of disability and DIB. (*Id.* at 12). Plaintiff's alleged onset date is April 10, 2006. (*Id.*). On September 8, 2012, Plaintiff's application was initially denied. (*Id.* at 78-79). On November 27, 2012, Plaintiff's application was once again denied on reconsideration. (*Id.* at 93-94). Plaintiff requested an ALJ hearing, which was conducted on December 23, 2013. (*Id.* at 26-65). On February 4, 2014, the ALJ issued her opinion concluding that Plaintiff was not disabled within the meaning of sections 216(i) and 223(d) of the SSA. (*Id.* at 12-20). Plaintiff sought review by the Appeals Council, which denied review on May 13, 2015. (*Id.* at 1). Thereafter, Plaintiff instituted this action seeking judicial review of the ALJ decision.

### III. LEGAL STANDARD

### A. Standard of Review

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. §§ 405(g) and 1383(c)(3). The Court is not "permitted to re-weigh the evidence or impose [its] own factual determinations," but must give deference to the administrative findings. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011); *see also* 42 U.S.C. § 405(g). Nevertheless,

the Court must "scrutinize the record as a whole to determine whether the conclusions reached are rational" and supported by substantial evidence. *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978) (citations omitted). Substantial evidence is more than a mere scintilla, and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Chandler*, 667 F.3d at 359 (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). If the factual record is adequately developed, substantial evidence "may be 'something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Daniels v. Astrue*, No. 08-1676, 2009 WL 1011587, at *2 (M.D. Pa. Apr. 15, 2009) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). In other words, under this deferential standard of review, the Court may not set aside the ALJ's decision merely because it would have come to a different conclusion. *Cruz v. Comm'r of Soc. Sec.*, 244 F. App'x 475, 479 (3d Cir. 2007) (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)).

### B. Determining Disability

In order to be eligible for benefits under the SSA, a plaintiff must show she is disabled by demonstrating an inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Taking into account the plaintiff's age, education, and work experience, disability will be evaluated by the plaintiff's ability to engage in her previous work or any other form of substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). A person is disabled for SSA purposes only if his physical or mental impairments are "of such severity that he is not only unable to do his previous work, but

3

cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 1382c(a)(3)(B).

Decisions regarding disability will be made individually and will be "based on evidence adduced at a hearing." *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000) (citing *Heckler v. Campbell*, 461 U.S. 458, 467 (1983)). Congress has established the type of evidence necessary to prove the existence of a disabling impairment by defining a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(a)(3)(D).

### C. Sequential Evaluation Process

The Social Security Administration follows a five-step, sequential evaluation to determine whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. §§ 404.1520, 416.920. First, the ALJ must determine whether the plaintiff is currently engaged in gainful activity. *Sykes*, 228 F.3d at 262. Second, if she is not, the ALJ determines whether the plaintiff has an impairment that limits her ability to work. *Id.* Third, if she has such an impairment, the ALJ considers the medical evidence to determine whether the impairment is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). If it is, this results in a presumption of disability. *Id.* If the impairment is not in the Listings, the ALJ must determine how much residual functional capacity ("RFC") the applicant retains in spite of her impairment. *Id.* at 263. Fourth, the ALJ must consider whether the plaintiff's RFC is enough to perform her past relevant work. *Id.* Fifth, if her RFC is not enough, the ALJ must determine whether there is other work in the national economy the plaintiff can perform. *Id.*

The evaluation continues through each step unless it is determined at any point the plaintiff is or is not disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The plaintiff bears the burden of proof at steps one, two, and four, upon which the burden shifts to the Commissioner at step five. *Sykes*, 228 F.3d at 263. Neither party bears the burden at step three. *Id.* at 263 n.2.

## IV. DISCUSSION

### A. Summary of the ALJ decision.

At step one, the ALJ found that Plaintiff last met the insured status requirements of the SSA on March 31, 2012 and had not engaged in substantial gainful activity between the alleged onset date and her last date insured. (Tr. at 14). At step two, the ALJ found that Plaintiff suffered from the following six severe impairments: dissecting aortic aneurysm, depression, anxiety disorder, hypertension, knee pain, and obesity. (*Id.*).

However, at step three, the ALJ found that Plaintiff's impairments were not, either individually or in combination, the medical equivalent of any of the listed impairments. (*Id.*). The ALJ then concluded that Plaintiff retained the RFC to perform sedentary work, except that she was limited to "simple and routine tasks." (*Id.* at 16). At step four, the ALJ concluded that Plaintiff was unable to perform any past relevant work. (*Id.* at 19). At step five, the ALJ concluded that there were jobs that existed in significant numbers in the national economy that the claimant could have performed. (*Id.*). Accordingly, the ALJ then concluded that Plaintiff was not disabled under the SSA at any point between the onset date and Plaintiff's last date insured. (*Id.* at 20).

### B. Analysis

Plaintiff argues this Court should remand due to the ALJ's failure to evaluate, at step three, Plaintiff's obesity in accordance with Social Security Ruling ("SSR") 02-01p, 2002 SSR LEXIS 1 (Sept. 12, 2002). (ECF No. 19 at 17-30). The Third Circuit addressed this issue in *Diaz v.*

*Comm'r of Soc. Sec.*, where the ALJ found obesity was a severe impairment at step two, but failed to assess the impact of obesity on the claimant's other impairments at step three. 577 F.3d 500, 503 (3d Cir. 2009). The *Diaz* court noted the Commissioner's modification to the Appendix I Listing regarding obesity in 2000 served to replace "the automatic designation of obesity" based on height and weight with an "individualized inquiry." *Id.* This inquiry is meant to focus on "the combined effect of obesity and other severe impairments." *Id.* The court determined "an ALJ must meaningfully consider the effect of a claimant's obesity, individually and in combination with her impairments, on her workplace function at step three and at every subsequent step." *Id.* at 504. In assessing the impact of a claimant's obesity, the ALJ must discuss the evidence and explain her reasoning in a manner that would be "sufficient to enable meaningful judicial review." *Id.*

Here, as in *Diaz*, the ALJ identified Plaintiff's obesity as one of Plaintiff's severe impairments at step two. (Tr. at 14). Also as in *Diaz*, Plaintiff complains of ailments which would seem, "as a matter of common sense," to have been plausibly exacerbated by her obesity. *Diaz*, 577 F.3d at 504 (citations omitted); *see also* SSR 00-3p, 65 Fed. Reg. 31039, 31040-42 (May 15, 2000) ("[O]besity may increase the severity of coexisting or related impairments. . . . This is especially true of musculoskeletal, respiratory, and cardiovascular impairments. It may also be true for other coexisting or related impairments, including mental disorders."). However, the ALJ does not adequately explain how Plaintiff's obesity factored into her analysis of Plaintiff's condition at step three. To the extent that the opinion considers obesity, it does so only in passing and in conclusory form as part of the RFC analysis: "[o]wing to [Plaintiff's] obesity, aortic aneurysm, and knee complaints, I have found her to be sedentary." (*Id.* at 18). The ALJ does not acknowledge that obesity has the capacity to affect comorbid impairments, and her opinion does

not refer to any evidence describing Plaintiff's obesity. Nor does the ALJ indicate, even in conclusory fashion, that any such evidence was considered as part of the ALJ's analysis of the Listings. *Cf. Neff v. Astrue*, 875 F. Supp. 2d 411, 423 (D. Del. 2012) (holding that ALJ sufficiently considered plaintiff's obesity where the ALJ specifically mentioned obesity's potential impact on comorbid conditions, stated that plaintiff's obesity was considered, and provided at least minimal analysis). Indeed, the Court notes that the ALJ's analysis of the Listings, (Tr. at 14-16), does not include any reference to obesity either in general or with respect to Plaintiff.

The ALJ's step three obesity analysis is thus insufficient. The *Diaz* court concluded, "where [Plaintiff's] obesity was urged, and acknowledged by the ALJ, as a severe impairment that was required to be considered alone and in combination with her impairments at step three," and "absent analysis of the cumulative impact of [Plaintiff's] obesity and other impairments on her functional capabilities, we are at a loss in our reviewing function." 577 F.3d at 504. Similarly, because the opinion here does not consider the effect of Plaintiff's obesity at step three, either separately or in combination with Plaintiff's comorbid impairments, in a form that allows for meaningful judicial review, the Court cannot conclude that the ALJ's step three conclusion was supported by substantial evidence. *See Moore v. Comm'r of Soc. Sec.*, No. 11-05369, 2013 WL 941558, at *4 (D.N.J. Mar. 8, 2013) ("A blanket statement that an ALJ has considered evidence is not the same thing as an ALJ actually discussing the evidence."). The Court will therefore remand for an analysis of Plaintiff's obesity, including an analysis of its impact on Plaintiff's other impairments.

Plaintiff makes other arguments relating to the ALJ's subsequent RFC analysis. Because the Court finds that the ALJ's opinion was not supported by substantial evidence at step three, it will remand and need not consider Plaintiff's other arguments at this juncture.

## V. CONCLUSION

For the foregoing reasons, the Court will vacate the ALJ's decision and remand this case for further administrative proceedings consistent with this Opinion. An appropriate Order follows.

DATED: December 18, 2018

_____
CLAIRE C. CECCHI, U.S.D.J.